ON APPLICATION FOR REHEARING
Petitioner has raised, for the first time, an issue concerning the court's oral charge to the jury during the sentencing phase of the trial. Specifically, he argues that the trial court failed to make clear to the jurors whether they would have to decide the issue of mitigating circumstances by a unanimous vote and that the jurors could have been under the impression that they could not consider a mitigating circumstance unless they all agreed, or unless at least 10 agree.
In Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860,100 L.Ed.2d 384 (1988), the United States Supreme Court dealt with a similar attack on a trial judge's charge to the jury and a verdict form submitted to the jury in a capital case, where the jury was the final sentencing authority. The Maryland statute afforded the convicted capital defendant a choice between sentencing by the judge or by the jury.
The Court set out Mills's contentions:
 "Petitioner construed the statute, as explained to the jury by the court's instructions and as implemented by the verdict form, to require the imposition of the death sentence if the jury unanimously found an aggravating circumstance, but could not agree unanimously as to the existence of any particular mitigating circumstance. According to petitioner's view, even if some or all of the jurors were to believe some mitigating circumstance or circumstances were present, unless they could unanimously agree on the existence of the same mitigating factor, the sentence necessarily would be death."
486 U.S. at ___, 108 S.Ct. at 1864.
The Court vacated the judgment insofar as it affirmed the sentence, based on its conclusion
 "that there is a substantial probability that reasonable jurors, upon receiving the judge's instructions in this case, and in attempting to complete the verdict form as instructed, well may have thought they were precluded from considering any mitigating evidence unless all 12 jurors agreed on the existence of a particular such circumstance."
486 U.S. at ___, 108 S.Ct. at 1870.
Unlike Alabama practice, the Maryland jury was given a written verdict form that listed several mitigating circumstances, each followed by a place for a yes or no answer. The verdict form contained the following instruction:
 "Based upon the evidence we unanimously find that each of the following mitigating circumstances which is marked 'yes' has been proven to exist by A PREPONDERANCE OF THE EVIDENCE and each mitigating circumstance marked 'no' has not been proven by A PREPONDERANCE OF THE EVIDENCE:" (Emphasis added.)
The fact that a jury verdict on punishment in this state does not have to be unanimous, does not answer the question, especially in this case, where that verdict *Page 499 
was ten to two. Ala. Code 1975, § 13A-5-46(f).
Unlike such a verdict in Maryland, the jury verdict in Alabama is advisory and the trial judge is the final sentencing authority.
The charge to the jury in the instant case was in accordance with the pattern jury instruction and in accordance with Ala. Code 1975, § 13A-5-45(g). The jury was told that the defendant had the burden of injecting an issue of mitigating circumstances, but that once it was injected the state had the burden of disproving the factual existence of any mitigating circumstances by a preponderance of the evidence. There was no jury charge or verdict form to indicate that at least 10 jurors must agree on the existence of a mitigating circumstance.
We have considered the trial court's charge to the jury in light of the holding in Mills and are of the opinion that the jurors could not have reasonably believed that they were required to agree unanimously on the existence of any particular mitigating factor.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., recused.